UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADRIANA GONZALEZ                                                        CASE No.: 5:16-CV-22

      Plaintiff,

v.

SSRM1, LLC a Florida
Limited Liability Company;
MARIE BURLESON, an individual;
MIKE SHEA, an individual; and
SAMUEL BENEBY, an individual.

      Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF THIS MATTER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff ADRIANA GONZALEZ ("Plaintiff"), and Defendant SSRM1, LLC, a Florida Limited Liability Company ("Defendant") (collectively "the Parties"), jointly request this Court to approve the Parties' settlement of the above-captioned matter and dismiss this matter with prejudice. Since Plaintiff's claims arise, in large part, under the Fair Labor Standard Act ("FLSA"), settlement of this matter must be approved by this Court. A copy of the settlement agreement between the Parties is attached as Exhibit "A."

**I.**    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c);

*Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee or former employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee's FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the matter action involves a situation in which the Court may approve the Parties' settlement to resolve the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against an employer, which was adversarial in nature. During the litigation and negotiation of the settlement of this action, Plaintiff and Defendant were both represented by counsel experienced in FLSA matters.

The Parties agree that the instant action involves disputed issues. Such issues included whether Plaintiff was employed by Defendant, whether Plaintiff worked for Defendant more than 40 hours in one or more workweeks, whether Plaintiff was owed "overtime" pay pursuant to the FLSA, and if overtime damages were due, whether liquidated damages are appropriate.

Plaintiff was retained by Defendant SSRM1 to work at a "Dunkin Donuts" in Ocala, Florida. Plaintiff was classified as a non-exempt hourly employee who tracked time worked via time clock. Plaintiff claims that her time was altered by management and did not receive all wages owed to her. As part of their regular business practice, managers at the location where Plaintiff was employed did, on a weekly basis, review time records and also reviewed surveillance of the time clock area  In turn, managers would make adjustments to the time clock records. Based on that review, Defendant denied any shortage of wages paid to Plaintiff.  While Defendant does not agree that any unpaid wages are owed, Defendant agrees to make certain damage payments as described below to avoid the expense and uncertainty of litigation. Plaintiff agrees that she has not compromised her claims and is to be paid all monies allegedly owed her. The Parties further believe this is a fair and reasonable settlement.

## II.    Terms of Settlement

The total gross settlement Defendant has agreed to pay will settle all claims raised by Plaintiff and any legal fees due to her attorneys is as follows:

A.    DAMAGES:  The parties have agreed to settle Plaintiff's claims for a total of $1,128.71. Such amount includes alleged unpaid compensation and liquidated damages.

Defendant agreed to compromise and pay alleged unpaid wages as well as liquidated damages, notwithstanding the factual defenses and defenses to liquidated damages. After settlement

negotiations, and analyzing the time and pay records and the factual and legal disputes, Plaintiff has agreed to accept the gross sum $1,128.71 to resolve her claims in full.

      B.      **ATTORNEY'S FEES/COSTS.** Plaintiff's counsel will receive $1,871.29 in attorney's fees and costs. The Parties have agreed this is a reasonable fee under the circumstances of this case. Attorney's fees were negotiated separately from Plaintiff's recovery and without regard to the amount of Plaintiff's recovery. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009); *see also Passeri v. Apria Healthcare, Inc.*, Case No. 3:09-cv-257, at 2 f.3 (M.D. Fla. Feb. 3, 2010).

**WHEREAS,** for the reasons more fully explained herein, the Parties jointly and respectfully request this Court to approve the settlement agreement between Plaintiff and Defendant and dismiss the instant action with prejudice.

Respectfully submitted this 9th day of March, 2017.

| **s/ DAVID B. GOULFINE**<br>David B. Goulfine, Esquire<br>Florida Bar No.: 0018448<br>SIBONI & BUCHANAN, PLLC<br>1900 S.E. 18th Ave.<br>Suite 300<br>Ocala, Florida 34471<br>Telephone: (352) 629-7441<br>Facsimile: (352) 629-7445<br>Email: DGoulfine@sbtrial.com<br>*Attorney for Plaintiff* | **s/ Robert Blanchfield**<br>Robert Blanchfield, Esquire<br>Florida Bar No.: 0361800<br>Robert Blanchfield P.A.<br>127 West Fairbanks Ave.<br>Suite 272<br>Winter Park, FL 32789<br>Telephone: (407) 497-0463<br>Facsimile: (407) 386-8022<br>Email: bob@blanchfieldlawfirm.com<br>*Attorney for Defendant* |
|---|---|

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made and entered into by and between ADRIANA GONZALEZ ("Plaintiff" or "Gonzalez") and SSRM1, LLC a Florida Limited Liability Company ("Defendant") (collectively "Parties").

**WHEREAS**, PLAINTIFF filed Case No. 5:16-22, in the District Court for the Middle District of Florida for alleged violation of the Fair Labor Standards Act;

**WHEREAS**, the parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1. This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing or any violation of the Fair Labor Standards Act or FLSA. Defendant specifically denies any violation of the FLSA. The parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2. In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit, Defendant shall make total payments of $3,000.00, inclusive of all attorneys and costs, as follows:

   A. Damages to Plaintiff:

   Of the $3,000,00 referenced above, $1,128.71 represents all damages allegedly owed to Plaintiff. Of the $1,128.71, $564.35 (and associated IRS W2 Form) represents alleged unpaid wages and $564.36 represents liquidated damages for which an IRS 1099 Form will be issued. Plaintiff agrees that she is responsible for the calculation, reporting, and payment of all taxes that might arise in connection with the payment described above and that Defendant shall not be liable for any taxes that might accrue or arise in connection with this payment. If any taxing authority or court determines that taxes, interest, and/or penalties are due and owing as a result of the payment to Plaintiff said taxes, interest and/or penalties shall be the sole obligation and liability of Plaintiff who agrees to indemnify Defendant for any taxes owing, except for such liability which is caused by a wrongful action or inaction of Defendant. Plaintiff agrees that she shall not seek additional monies from Defendant for any taxes or other monies that may be due or for any other reason whatsoever, and;

   B. Attorney Fees & Costs

   Of the $3,000.00 referenced above, $1,871.29 represents all attorneys' fees and costs.

**EXHIBIT "A"**

C. Payment

The total of $1,128.71 will be made payable to Adriana Gonzalez for the damages allegedly owed to Plaintiff. The total of $1,871.29 will be made payable to Siboni & Buchanan, PLLC Trust Account for attorneys' fees and costs. Counsel for Defendant agrees to disperse such amount as described herein. Such payment to be made by Defendant within fifteen (15) business days following the receipt by Counsel for Defendant of an Order Approving the Settlement Agreement and Dismissing this Matter with Prejudice. The Parties agree that Defendant is not liable for any delays in payment due to acts of God or for other reasons outside the control of Defendant.

An IRS 1099 Form will be issued for counsel for Plaintiff regarding the payment of fees/costs.

3. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

4. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

5. In consideration and conditioned upon receipt of payment as described above, GONZALEZ does hereby release and forever discharge Defendant and any companies that are parents, subsidiaries, affiliates or other entities related to or associated with Defendant and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including but not limited to tort claims, intentional or otherwise; negligence claims; constitutional claims, claims for attorney's fees and costs, and any other claims or causes of action GONZALEZ or may have had arising out of her work with or termination of contract with Defendant from the beginning of time up to and including the date of this Agreement.

6. Plaintiff further agrees not to reapply for employment with Defendant at the location(s) where Plaintiff was previously employed which gave rise to the aforementioned civil action, nor to contract work with Defendant, and that any application or offer to perform services made by Plaintiff or on their behalf shall be denied per this Agreement and Plaintiff also agrees to withdraw any employment application or offer to perform services that they have made which is currently pending. If Plaintiff seeks employment or assignment at Defendant as an employee, contractor or consultant or is hired, Defendant shall have a legitimate and valid reason to deny that application and/or terminate that relationship once learning of that Plaintiff's hiring or assignment. If any prospective employer of Plaintiff contacts Defendant regarding Plaintiff, Defendant shall give a neutral reference, only indicating Plaintiff's dates of employment, position and pay rate.

7.  In signing this Agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

8.  This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.  All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

10. This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the parties, and the parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

11. This Agreement may be enforced by any court having jurisdiction and relief shall include but not be limited to specific performance and injunctive relief.

12. This Agreement shall be binding upon PLAINTIFF and DEFENDANT, and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of said parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this __30__ day of __January__, 2017.

PLAINTIFF ADRIANA GONZALEZ:

_____
ADRIANA GONZALEZ

DEFENDANT SSRM1, LLC:

_____
Authorized agent of SSRM1, LLC

3