UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ADRIANA GONZALEZ,**

    Plaintiff,

v.                                                                         Case No: 5:16-cv-22-Oc-PGB-PRL

**SSRMI, LLC a Florida Limited Liability Company, et al.,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Upon referral, this Fair Labor Standards Act ("FLSA") matter is before the Court on the parties' Joint Motion for Approval of Settlement (Doc. 28). Thus, the Court must determine whether the settlement between Plaintiff Adriana Gonzalez and Defendant SSRMI, LLC is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues.[2] *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

### I. Legal Standards

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Notably, the parties seek the joint dismissal of the three individual named defendants. (Doc. 29).

settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases: cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

**II.     Discussion**

As set forth in the Settlement Agreement, Defendant will pay a total sum of $3,000 to resolve this matter, to include the following: (1) $564.35 to Plaintiff for unpaid overtime compensation; (2) $564.36 to Plaintiff for liquidated damages; and (3) $1,871.29 to Plaintiff's counsel for attorney's fees. Plaintiff represents that she has not compromised her claims and that she is being paid all monies allegedly owed her. Defendant does not agree that any wages are owed, but has agreed to this settlement to avoid the expense and uncertainty of litigation. The parties, who were represented by experienced counsel agree that this is a fair and reasonable settlement.

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case

Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $1,871.29 for attorney's fees and costs appears to be reasonable.[3]

As for the remaining portions of the Settlement Agreement, the Release of Claims in Paragraph 5 is impermissibly overbroad in that it seeks to release not only the named Defendants, but "any companies that are parents, subsidiaries, affiliates or other entities related to or associated with Defendant and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents and attorneys" from "any and all claims that were or could have been asserted . . . arising out of her work with or termination of contract with Defendant from the beginning of time up to and including the date of this Agreement."

Generally, such broad releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1351-52 (M.D. Fla. 2010). This is true even where there has been full compensation. *See e.g., Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1240 (M.D. Fla. 2010) ("[I]f the parties' proposed 'full compensation' agreement includes an additional term – such as the forbearance of a valuable right of the employee, including perhaps one of the employee's FLSA rights, or the exchange of another

---

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

valuable consideration of any kind – the notion of 'full compensation' becomes illusory and inapplicable."). Due to these concerns, the unexplained inclusion of a general release in a FLSA settlement often results in a finding that the settlement is not fair and reasonable. *See e.g., Brown v. SeaDog Brewpub BV, LLC*, No. 6:16-cv-898-Orl-40GJK, 2016 WL 7743030, at *4 (M.D. Fla. Dec. 29, 2016); *Shearer v. Estep Const., Inc.,* No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015).

Notably, courts in this District have approved FLSA settlement agreements accompanied by separate general releases where there is consideration beyond what is due for the FLSA claims.[4] For example, courts frequently approve broad releases accompanying FLSA settlements where the plaintiff is receiving full compensation of his or her FLSA claim, as well as additional consideration for a general release, confidentiality provision, and other clauses. *See Weldon v. Blackwoods Steakhouse, Inc.,* No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement).

---

[4] While courts have approved FLSA settlements which were accompanied by separate agreements for general releases, courts do not approve or express an opinion of the terms of those separate agreements. *See Brozman v. Jenniferjames Haircolorxperts*, LLC, 2016 U.S. Dist. LEXIS 23231, *1 n. 1 (M.D. Fla. Feb. 25, 2016) (Mendoza, J) (expressing no opinion on separate general releases of non-pending claims). *See also Middleton v. Sonic Brands L.L.C.*, 2013 U.S. Dist. LEXIS 129042, at *11 (M.D. Fla. Aug. 22, 2013), report and recommendation adopted by, 2013 U.S. Dist. LEXIS 129039 (M.D. Fla., Sept. 10, 2013) (Antoon, J.) (when "substantial consideration" is paid to plaintiff beyond the amount arguably due under the FLSA, a general release "does not render the settlement unfair or unreasonable.").

And courts in this District have also approved FLSA settlements with accompanying broad releases even where the plaintiff did not receive full compensation for his or her FLSA claim, as long as additional valuable compensation was paid to the plaintiff in exchange for the broad general release. *See Buntin v. Square Foot Management, Co. LLC*., 2015 WL 3407866, * 2-3, Case No. 6:14–cv–1394–Orl–37GJK (M.D. Fla. May 27, 2015) (Dalton, J.) (approving FLSA settlement where the settlement represented a compromise and consideration in the form of a neutral reference was promised by Defendant to Plaintiff in exchange for a broad general release).

Here, the parties recite that Plaintiff is receiving full compensation for the FLSA claim. Regarding the general release, however, the parties fail to offer any explanation regarding any other claims that Plaintiff is knowingly releasing, nor do they identify, what if any additional consideration was given in exchange. Accordingly, the Court cannot make an informed determination as to whether Plaintiff's general release affects the fairness and reasonableness of the settlement.

The waiver of future employment in Paragraph 6 also appears inappropriate since the parties provide no additional information to assist the Court in evaluating the fairness of that provision. In some cases, courts have approved settlement agreements including waivers of future employment because they were inconsequential. For example, where a plaintiff did not desire re-employment, and the defendant's financial viability was precarious, the inclusion of a waiver of future employment was "inconsequential" and did not render the settlement unfair. *See Robertson v. Ther–Rx Corp.,* Case No. 2:09cv1010–MHT(WO), 2011 WL 1810193, at *2 (M.D.Ala. May 12, 2011). *See also Cruz v. Winter Garden Realty, LLC*, No. 6:12–cv–1098, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013) (finding the settlement agreement fair despite waiver of right to future employment, where settlement agreement stated plaintiff did not desire

reemployment). In other cases, courts have viewed waiver of future employment provisions as punishment for exercising FLSA rights, and declined to approve them. *See Nichols v. Dollar Tree Stores*, Inc., 1:13–CV–88 (WLS), 2013 WL 5933991, at *6 (M.D. Ga. Nov. 1, 2013).

Here, neither the agreement nor accompanying motion contain any information to assist the Court in evaluating the fairness of the provision, such as whether Plaintiff would desire future employment or regarding the financial viability of Defendants. Moreover, while comparable provisions have been approved in this District where it was shown additional consideration was paid in exchange for the waiver of future employment, it is not clear whether that is the situation here. *See e.g., Caamal v. Shelter Mortg. Co., L.L.C*., No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013) (approving a similar "no rehire" provision where the agreement specifically provided that additional, separate consideration had been paid for that part specific paragraph of the agreement and other releases). The Settlement Agreement does not state that any additional monetary consideration or otherwise was given for the "no re-employment provision," although the possibility exists that the Defendant's agreement to provide a neutral reference is intended as valuable consideration for the additional waivers.[5]

Even though Plaintiff's general release and waiver of future employment provisions are unenforceable (in the absence of any additional information), they do not preclude approval of the Settlement Agreement in this case. *See e.g., Niles v. Denny's Inc.,* No. 6:16-cv-999-Orl-40TBS. 2017 WL 1352232, at *2 (M.D. Fla. March 22, 2017) (recommending that settlement agreement be approved after modifying the broad general release to include only the named defendant);

---

[5] In some circumstances, courts have found that similar provisions constitute sufficient independent consideration for a general release. See *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015) (approving a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to plaintiff under the FLSA, specifically a *mutual* general release and a specific neutral reference by defendant).

*Brown v. SeaDog Brewpub BV, LLC,* No. 6:16-cv-898-Orl-40GJK, 2016 WL 7743030, at *4 (M.D. Fla. Dec. 29, 2016) (recommending that settlement agreement be approved after striking general release and confidentiality provision). Indeed, the Agreement here contains a severability provision in Paragraph 3, stating:

> Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

Thus, terms in the Settlement Agreement may be severed (or modified) without affecting the enforceability of the rest of the Agreement. *See id.*

### III.  Recommendation

Accordingly, and upon due consideration, I recommend that the parties' joint motion for approval of settlement (Doc. 28) be GRANTED in part and DENIED in part as follows:

1. The Court should modify Plaintiff's general release in Paragraph 5 to include only Plaintiff's FLSA claims against the named Defendants, and otherwise STRIKE the general release;
2. The Court should STRIKE the waiver of future employment in Paragraph 6;
3. The Court should find the Settlement Agreement, with the modifications set forth above, to be a fair and reasonable compromise of Plaintiff's FLSA claims;
4. The Court should dismiss the case with prejudice.

Recommended in Ocala, Florida on April 28, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy